IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL L. JONES,

                                                OPINION AND ORDER

                    Petitioner,

                                                    20-cv-1068-bbc

          v.

DYLON RADTKE,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Samuel Jones, who is incarcerated at the Green Bay Correctional Institution, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 on November 30, 2020.  Dkt. #1.  One day later, Reed Cornia, an attorney, filed a similar petition on petitioner's behalf, explaining that he did not represent petitioner but that petitioner's family had asked him to complete the petition for petitioner.  Dkt. #3. Because the initial handwritten petition contains more detail and an additional ground for relief, I will consider it as the operative petition and view the subsequently-filed petition as a supplement.  The petition and supplement are before the court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Rule 4 requires the court to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that petitioner is not entitled to relief.  See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

1

Petitioner challenges a judgment of conviction entered on January 13, 2016, by the Circuit Court for Rock County, Wisconsin in Case No. 14CF2088, for first degree intentional homicide—attempted.   He raises the following grounds for relief in his petition:  (1) his trial counsel was ineffective for failing to present cell phone records at trial that showed he was in Chicago, Illinois, at the time the crime was committed in Beloit, Wisconsin; and (2) his trial counsel was ineffective for failing to play a potentially exculpatory police interview of a key witness.  The petition appears to be timely and raises constitutional grounds that could support habeas relief.  Petitioner states, and the documents attached to his petition confirm, that he exhausted his first claim related to cell phone records in the state courts.  Although petitioner raised his second claim related to the audiotape in a post-conviction motion in the state circuit court, State v. Jones, Rock County case no. 2014CF2088, petitioner says that his post-conviction counsel chose not to raise the second claim on appeal and did not inform him of that fact.  See State v. Jones, case no. 2018AP663-CR, at ¶¶ 1 and 4 (Wis. Ct. App. May 9, 2019).  I can assume from this statement that petitioner means to say that his post-conviction counsel was ineffective.  After the state court of appeals denied his first claim on the merits, petitioner filed a petition for review, which the Wisconsin Supreme Court denied on September 5, 2019.

As petitioner is aware, a prisoner may not file a habeas petition before presenting his claims through a complete round of state-court review.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Lemons v. O'Sullivan, 54 F.3d 357,

2

360 (7th Cir. 1995).  In Wisconsin, this includes filing an appeal in the Wisconsin Court of Appeals and a petition for review in the Wisconsin Supreme Court.  E.g., Mittelstadt v. Wall, 2015 WL 5440661, at *2-3 (W.D. Wis. Sept. 14, 2015) (citing state law provisions); Sanders v. Paquin, 09-cv-472, 2009 WL 2450362, at *4 (W.D. Wis. Aug. 7, 2009) (to satisfy exhaustion requirement, § 2254 petitioner "must assert each of his claims in a petition for review to the Wisconsin Supreme Court") (citing Moore v. Casperson, 345 F.3d 474, 485-86 (7th Cir. 2003)).  Failure to do so constitutes a procedural default.  Boerckel, 526 U.S. at 848; Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

Because petitioner did not present his second claim through a full round of state court review, this court is procedurally barred from considering the merits of that claim unless petitioner can show either:  (1) cause for the default and actual prejudice; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted.  Thomas v. Williams, 822 F.3d 378, 386 (7th Cir. 2016) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).  Ineffective assistance of post-conviction or appellate counsel can establish "cause" for a procedural default.  However, in Edwards v. Carpenter, 529 U.S. 446 (2000), the Supreme Court held that because the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is itself a constitutional claim, if the petitioner has not first raised this claim in the state court, he will be held to have procedurally defaulted it.  Id. at 452-53.

Wisconsin courts distinguish claims challenging the effectiveness of post-conviction counsel from those challenging the effectiveness of appellate counsel. Wis. Stat. § 974.06; State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W. 5 2d 136 (Ct. App. 1996) (describing procedure for challenging effectiveness of post-conviction counsel); State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel).   It appears that petitioner never presented a claim of ineffective assistance of post-conviction or appellate counsel in the state courts.

Recognizing that he cannot proceed on both exhausted and unexhausted claims in the same petition, Rose v. Lundy, 455 U.S. 509, 510 (1982), petitioner asks the court to stay his petition while he exhausts his second ineffective assistance claim in the state courts.  According to the United States Supreme Court, federal courts may stay a mixed petition in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims, such as when the petitioner files his application "close to the end of the 1-year" statute of limitations.  Rhines v. Weber, 544 U.S. 269, 275 (2005).  In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it.  Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post-conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is

completed); <u>Palmer v. Carlton</u>, 276 F.3d 777, 781 (6th Cir. 2002) (same); <u>Zarvela v. Artuz</u>, 254 F.3d 374, 381 (2d Cir. 2001) (same).

In this case, petitioner's one-year limitations period would have begun to run on December 4, 2019, or 90 days after September 5, 2019, the day on which the Wisconsin Supreme Court denied his petition for review.  <u>Anderson v. Litscher</u>, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court).  Because petitioner's one-year statute of limitations period expired on December 4, 2020, which was only four days after he filed his habeas petition in this court, he has only four days remaining on his federal clock in which to exhaust his state court remedies.  Therefore, petitioner no longer has any time remaining on his federal clock in which to initiate the state court exhaustion process and return to federal court after completing it.  Outright dismissal of this petition would end his chance to pursue his already exhausted claim.

Under <u>Rhines v. Weber</u>, 544 U.S. 269, 275 (2005), courts may stay a petition containing both exhausted and unexhausted claims when outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims.  However, the Supreme Court held that a stay should be issued "only in limited circumstances" so as not to undermine the Antiterrorism and Effective Death Penalty Act's (AEDPA) twin goals of encouraging finality of state court judgments and encouraging petitioners to seek relief from the state courts in the first instance.  <u>Id.</u> at

277.  Therefore, granting a stay is not appropriate unless the district court determines there was "good cause" for the petitioner's failure to exhaust his claims in state court or when the unexhausted claims are "plainly meritless."  Id.

Petitioner has not presented enough information to this court to allow a determination:  (1) whether his claim regarding the failure to play an audiotape of a police interview has any merit; or (2) whether he has good cause for failing to make progress on exhausting his claims.  Although petitioner attaches a transcript of the circuit court's oral ruling on his post-conviction motion, the pages relating to the audiotape are omitted.  See dkt. #1, exh 3 at p. 8.  Petitioner does not say why the circuit court denied his claim related to the audiotape.  Petitioner also has not explained why he waited almost a year to file his federal habeas petition or to seek to exhaust his state court claim by filing a claim of ineffectiveness of post-conviction or appellate counsel in state court.

Before deciding whether the case should be stayed to allow petitioner to exhaust his unexhausted claim, or whether to dismiss the unexhausted claim and have the case proceed only on petitioner's first claim, I will give petitioner an opportunity to supplement his petition with the following information:

(1)     Petitioner should clearly identify the reason(s) that the circuit gave for denying his unexhausted ineffective assistance claim related to the audiotape.  One way he could do this is by filing the remaining pages of the transcript of the circuit court's oral ruling.

6

(2)     Petitioner must explain why he did not exhaust his claim related to
        the audiotape by raising a claim of ineffectiveness of post-conviction
        counsel in the state courts and why he waited almost a year to file
        his federal habeas petition.

After reviewing petitioner's supplement, I will determine whether the petition should be stayed.  If petitioner fails to respond by the February 22, 2021 deadline set below, I will dismiss his unexhausted claim and the petition will proceed on only his first claim.

I offer one additional comment for petitioner's benefit: it is not clear that petitioner's ineffective assistance of post-conviction counsel claim will help him.    In determining whether an attorney's performance fell below an objective standard of reasonableness, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  Harrington v. Richter, 562 U.S. 86, 105 (2011). Although petitioner's post-conviction counsel did not raise both ineffective assistance of trial counsel claims on appeal, counsel "is not required to raise every non-frivolous issue on appeal."  Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996).  "An appellate counsel's performance is deficient [only] if he . . . fails to argue an issue that is both obvious and clearly stronger than the issues raised."  Martin v. Evans, 384 F.3d 848, 851 (7th Cir. 2004) (citations omitted).

7

ORDER

IT IS ORDERED that petitioner Samuel Jones may have until February 22, 2021, to respond to this order regarding his unexhausted claim.  If petitioner does not file a response by this deadline, the court will dismiss his unexhausted claim and the case will proceed on only his exhausted claim.

Entered this 2d day of February, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

8