IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL L. JONES,

                                            OPINION AND ORDER

         Petitioner,

                                                20-cv-1068-bbc

    v.

DYLON RADTKE,

         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Samuel Jones, who is incarcerated at the Green Bay Correctional Institution, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 on November 30, 2020, challenging a judgment of conviction entered on January 13, 2016, by the Circuit Court for Rock County, Wisconsin in Case No. 14CF2088, for first degree intentional homicide—attempted. Dkt. #1. Petitioner alleged in his petition that: (1) his trial counsel was ineffective for failing to present cell phone records at trial that showed he was in Chicago, Illinois at the time the crime was committed in Beloit, Wisconsin; and (2) his trial counsel was ineffective for failing to play the audiotape of a potentially exculpatory police interview of a key witness. In an order entered on February 2, 2021, I found that petitioner had procedurally defaulted his second claim by failing to present it through a full round of state court review. Dkt. #4. Although petitioner blames his lawyer for not raising the claim in the state court of appeals, petitioner never presented a claim of ineffective assistance of postconviction or appellate counsel in the state courts as he was required to do in order to attempt to excuse his

1

default. Id. (citing Wis. Stat. § 974.06; State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W. 5 2d 136 (Ct. App. 1996) (describing procedure for challenging effectiveness of post-conviction counsel); State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel)). Recognizing this deficiency, petitioner asked that I stay his petition while he presents such a claim in the state courts. See Rhines v. Weber, 544 U.S. 269, 275 (2005) (7th Cir. 2002) (federal courts may stay petition containing both exhausted and unexhausted claims when outright dismissal of petition could jeopardize petitioner's ability to file timely habeas petition on unexhausted claims).

As I explained in my previous order, petitioner no longer has any time remaining on his federal clock in which to initiate the state court exhaustion process and return to federal court after completing it, so outright dismissal of this petition would end his chance to pursue his already exhausted claim. However, a stay should be issued "only in limited circumstances" in which there was "good cause" for the petitioner's failure to exhaust his claims in state court and the unexhausted claim is not "plainly meritless." Rhines, 544 U.S. at 277. Because petitioner did not present the court with enough information to determine whether a stay was appropriate, I gave him an opportunity to supplement his petition with additional information.

In response, petitioner has submitted the transcript of the state circuit court's oral ruling on his post-conviction motion related to the audiotape and explains that he had hired and paid an attorney to assist him but the attorney did not take any action for six

2

months and failed to respond to petitioner's repeated requests for assistance during that time period. Dkt. #5. Petitioner filed a grievance against the attorney with the Office of Lawyer Regulation, which started an investigation. I am persuaded that petitioner has acted diligently and shown good cause for his failure to exhaust to date. I also am satisfied that petitioner's unexhausted claim regarding the audiotape is potentially meritorious and that he has not engaged in intentionally dilatory tactics. Therefore, I will stay petitioner's habeas petition and hold it in abeyance while he attempts to exhaust his claim regarding the audiotape in state court.

This court will not tread water with petitioner's federal habeas petition indefinitely. Rhines, 544 U.S. at 277. To insure that petitioner does not delay in exhausting his state court remedies, I will grant the requested stay on the following two conditions: (1) petitioner shall have 90 days from the date of this order to present his ineffective assistance of postconviction or appellate counsel claims in state court and notify this court that he has done so; and (2) after petitioner has completely exhausted his state court remedies, he then has 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay. If petitioner fails to meet these conditions, this court will vacate the stay as of the date the stay was entered, dismiss the unexhausted claim and allow the case to proceed only on the exhausted claim.

ORDER

IT IS ORDERED that:

3

1. Petitioner Samuel Jones's request to stay his habeas petition while he exhausts his state court remedies, dkt. #1, is GRANTED.

2. The instant petition is STAYED pending exhaustion of petitioner's state remedies with the following conditions: (a) petitioner has 90 days from the date of this order to present his ineffective assistance of postconviction or appellate counsel claim in state court and notify this court that he has done so; and (b) after completely exhausting his state court remedies, petitioner has 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay. If petitioner fails to meet these conditions, then the stay will be vacated as of the date of this order, the unexhausted claim will be dismissed and the petition will proceed only on petitioner's exhausted claim.

3. The clerk of court is directed to close this case, subject to re-opening by petitioner upon filing of his motion to lift the stay.

Entered this 6th day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge